UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS RUTLEDGE,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>SUSANVILLE POLICE DEPARTMENT,<br><br>　　　　　Respondent. | No. 2:18-cv-1100 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a county jail inmate proceeding pro se, seeks habeas relief pursuant to 28 U.S.C. § 2254 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. ECF Nos. 1, 4, 6. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

For the reasons stated below, the court will grant petitioner's motion to proceed in forma pauperis. However, the undersigned shall also recommend that this action be summarily dismissed.

I.    IN FORMA PAUPERIS APPLICATION

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. See ECF Nos. 4, 6. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

////

1

## II. PETITIONER'S FACTUAL ALLEGATIONS

Petitioner alleges a single claim for relief against the Susanville Police Department ("SPD"), the named respondent, alleging deprivation of property. See ECF No. 1 at 3. Petitioner contends that after SPD officers[1] stopped him in a parking lot, they questioned him and a store clerk about whether a bottle of tequila he had in his possession belonged to him. See id. During the encounter, petitioner was eventually arrested in relation to an unrelated matter. See id. Petitioner states when he was transported from the area, the police had left this bottle of tequila on the ground at the scene instead of recovering it and booking it at the station with his other property. See id. The bottle of tequila was never recovered and returned to petitioner. See id.

Petitioner contends that the actions of the officers constituted "gross negligence," and he believes that "several laws were broken." ECF No. 1 at 3. He states he did not seek administrative review of the matter because there were "no other administrative procedures" for his situation. See id. at 5. In a subsequent document petitioner has filed with the court, he caps his request for damages at $30,000.00. See ECF No. 7.

## III. STANDARD OF REVIEW

The court is required to screen all actions brought by prisoners who seek any form of relief, including habeas relief, from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Rule 4 of the Habeas Rules Governing Section 2254 Cases[2] requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. A person in custody pursuant to the judgment of a state court can obtain a federal writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The court must also dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or that fail to state a basis on which habeas

---

[1] Petitioner fails to identify the officers who questioned and arrested him. See ECF No. 1 at 1, 3.
[2] To the extent this action should have been brought under 28 U.S.C. § 2241 (see IV. Discussion, infra), Rule 4 of the Rules Governing Section 2254 Cases may nonetheless apply. See Rules Governing Section 2254 Cases, Rule 1(b), 28 U.S.C.A. foll. § 2254.

relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

IV. DISCUSSION

This petition must be summarily dismissed for the following reasons. First, as a pretrial detainee, petitioner cannot invoke this court's jurisdiction under Section 2254. Habeas relief under Section 2254 is only available to those who are in custody pursuant to a state court judgment. See 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus [on] behalf of a person in custody pursuant to the judgment of a State court."). At the time petitioner filed the instant pleading, he was a pretrial detainee; he was not in custody because of a state court judgment. Consequently, petitioner's claim may not be heard, nor may relief be granted to him, under Section 2254.

A pretrial detainee seeking federal habeas relief must proceed under 28 U.S.C. § 2241. See Stow v. Murashige, 389 F.3d 880, 886 (9th Cir. 2004) ("[T]he general grant of habeas authority in [Section] 2241 is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment, for example, a defendant in pre-trial detention or awaiting extradition."). However, the instant petition may not be construed as seeking relief under Section 2241 because petitioner does not challenge the fact or duration of his detention. Habeas relief is available only on grounds that a prisoner "is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner alleges that his property rights were violated in the course of his arrest, an alleged violation that even if otherwise colorable would not implicate the validity of his custody and therefore is not cognizable in habeas.

Next, to the extent that the pleading could arguably be construed to allege civil rights violations related to property deprivation, and as a result, be converted to a civil rights action by the court, the undersigned declines to do so. The conversion of a habeas petition into a civil rights complaint may only be done if the petition is amenable to the conversion on its face. See Nettles v. Grounds, 830 F.3d 922, 936 (9th Cir. 2016). This means the habeas pleading must name the correct defendants and seek the correct relief. See id.

In the petition, petitioner names the Susanville Police Department as the responding party, and he speaks only generally of an "arresting officer" and possibly a second officer. See ECF No.

3

1 at 1-3. The civil rights statute provides by its terms for individual liability. See 42 U.S.C. § 1983 ("Every person" who, under color of state law, violates the constitutional rights of an individual shall be liable). Even if petitioner could amend his pleading to name the individual officers who deprived him of his property, the facts alleged in the complaint would not establish a colorable claim that petitioner's constitutional rights were infringed. Petitioner alleges that the officers' action of leaving the bottle of tequila in the parking lot constituted "gross negligence." See ECF No. 1 at 3. The Due Process Clause is not implicated by a negligent act of an official causing unintended loss or injury to life, liberty or property. See Daniels v. Williams, 474 U.S. 327, 328 (1986). In addition, petitioner was told that the jail had a policy of not storing property for inmates if the property was alcohol. See ECF No. 1 at 3. There is no plausible basis for an argument that such a policy is unconstitutional. See Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370 (9th Cir. 1996) ("Section 1983 limits a federal court's analysis to the deprivation of rights secured by the federal 'Constitution and laws.'"). Moreover, any deprivation was patently *de minimus* and cannot support a due process claim.

For these reasons, the undersigned finds that the petition is not cognizable on federal habeas review, and it declines to convert the petition to a Section 1983 complaint. Instead, the undersigned will recommend that this action be summarily dismissed for failure to state a claim upon which relief may be granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 6) is GRANTED;

2. The Clerk of Court shall randomly assign a District Court Judge to this action, and

3. The Clerk of Court is directed to serve a copy of the petition filed in this case together with a copy of these findings and recommendations on the Attorney General of the State of California.

IT IS FURTHER RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be summarily DISMISSED for failure to state a claim upon which relief may be granted. See Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254; 28 U.S.C. § 1915(e)(2)(B)(ii), and

2. The court DECLINE to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 13, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE